IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. MCGHEE,
    Petitioner

v.

FRANK STRADA, WARDEN,
    Respondent

CIVIL NO. 1:12-CV-0792

(Judge Caldwell)

*M E M O R A N D U M*

I. *Introduction*

    James E. McGhee, an inmate at the low security correctional facility in Allenwood, Pennsylvania, has filed a pro se petition under 28 U.S.C. § 2241 challenging the sentence calculation made by the Bureau of Prisons (BOP) on two convictions he is serving for bank robbery. Essentially, Petitioner is claiming that he is entitled to credit on his federal sentence for the time that he spent serving a state sentence. He makes the following claims: (1) the federal sentencing court stated at sentencing that he intended the federal sentence to run retroactively concurrent with the previously imposed state sentence; (2) when the federal sentencing court's sentencing order is silent on whether the federal sentence is to run concurrently or consecutively with another sentence, the rule of lenity requires that the sentences run concurrently; and (3) once Petitioner's federal sentence began to run, he was entitled to have it run continuously and not have it interrupted by the service of his state sentence.

II.  *Background*

Petitioner does not dispute that Respondent's submissions establish the following. On June 29, 1990, Petitioner was arrested by the Maryland State Police. (Penalty-of-perjury declaration of John A. Farrar, BOP sentencing computation specialist (Doc. 9-1, ECF p. 1). He was in the custody of the State of Maryland on Maryland charges. (*Id.*) On October 24, 1990, McGhee was sentenced in the Baltimore County Circuit Court to a thirty-year term for burglary, breaking and entering of a dwelling, theft, malicious destruction of property, and possession of a handgun. (*Id.*).

On November 29, 1990, the United States Marshals Service (USMS) took custody of McGhee by way of a writ of habeas corpus ad prosequendum. (*Id.* ¶ 3, citing the USMS Tracking System (Attach. B, Sec. III to Ex. 1), Doc. 9-1, ECF p. 10).[1] On June 25, 1991, the United States District Court for the District of Delaware sentenced Petitioner to two 240-month terms for two counts of bank robbery, to be served concurrently. (Doc. 9-1, ECF pp. 13-14, written sentencing order). The sentencing order remanded him to the custody of the United States Marshal. (*Id.*, ECF p. 14).[2]

According to Petitioner, the following exchange took place between his counsel and the court at sentencing:

> [trial counsel]: Your Honor, what is the effective day of the sentence, according to your Honor's Order?

---

[1] The ad prosequendum writ is Doc. 5 on the underlying criminal docket. (*United States v. McGhee*, No. 90-CR-75 (D. Del), Doc. 27, ECF p. 4).

[2] Doc. 9-1 has only the first two pages of the order. The entire four-page order can be found at Doc. 27, ECF pp. 9-12, *United States v. McGhee*, No. 90–CR-75 (D. Del.).

-2-

> The Court: Well, I am sentencing him as of today. If there is
> any credit time, the Bureau of Prisons will calculate that
> separately. And that is the function that is left to them.

(Doc. 1, ECF p. 7).[3]

On July 1, 1991, McGhee was returned to the State of Maryland. (Doc. 9-1, ECF p. 10). On March 28, 2008, the Maryland State sentence expired, and he was taken into federal custody. (Doc. 9-1, ECF p. 18).

The BOP prepared a sentence calculation commencing the running of Petitioner's federal sentence on March 28, 2008, the date he was taken into federal custody. His projected release date is August 29, 2025, assuming that he earns all of his good conduct time.

Petitioner pursued an administrative challenge to his sentence calculation. A correctional program specialist at the BOP's Designation and Sentence Computation Center, responded that 18 U.S.C. § 3585(b) prohibited the BOP from giving Petitioner credit toward his federal sentence for the time spent in state custody. (Doc. 9-1, ECF p. 39, May 4, 2011 letter). The specialist also addressed the possibility of such credit under *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), by way of a nunc pro tunc designation of the state institution as the place where Petitioner was to serve his federal sentence. The BOP declined to make that designation because Petitioner's federal sentence "was silent to the undischarged term of imprisonment" on the state offenses and therefore did

---

[3] Petitioner has not supplied us with a copy of the sentencing transcript. We will assume the accuracy of Petitioner's representation for the purpose of this motion.

"not meet the criteria for a concurrent nunc pro tunc designation." (*Id.*, ECF p. 40). Petitioner was therefore determined to be "ineligible" for the designation. (*Id.*).

III. *Applicable Law*

The authority to calculate a federal prisoner's period of incarceration for the sentence imposed, and to provide credit for time served, is delegated to the Attorney General, who exercises it through the BOP. *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S.Ct. 1351, 1354-55, 117 L.Ed.2d 593 (1992). The BOP's decision is subject to judicial review under 28 U.S.C. § 2241. *United States v. Dowling*, 488 F. App'x 592, 593 (3d Cir. 2012)(nonprecedential). The two major factors in a federal sentencing calculation are: (1) when the federal sentence begins; and (2) the time to be credited for custody prior to commencement of the sentence. *Chambers v. Holland,* 920 F. Supp. 618, 621 (M.D. Pa.), *aff'd,* 100 F.3d 946 (3d Cir. 1996).

18 U.S.C. § 3585(a) provides that the sentence begins to run when the defendant is taken into custody to begin his federal sentence. *See* 18 U.S.C. § 3585(a)("A sentence to a term of [federal] imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). A federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus ad

prosequendum, *Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002), because the state remains the primary custodian in those circumstances.[4]

18 U.S.C. § 3585(b) deals with credit for prior custody. It authorizes such credit against a federal sentence only for time "that has not been credited against another sentence." In other words, generally, no credit may be given toward a federal sentence for time that has previously been credited toward any other sentence. *See Rios v. Wiley,* 201 F.3d 257, 272-273 (3d Cir. 2000). *See also Wilson*, 503 U.S. at 333, 112 S.Ct. at 1354 (in section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time").[5]

Finally, 18 U.S.C. § 3584(a) deals with multiple terms of imprisonment and the imposition of concurrent or consecutive terms. In relevant part, section 3584(a) provides that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively," and "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." The BOP

---

[4] The concept of primary jurisdiction, or primary custody, mandates that the first sovereign to arrest a defendant stands first in line of jurisdiction for trial, sentencing, and incarceration until it elects to waive such standing, or its jurisdiction terminates with the conclusion of defendant's satisfaction of the sentence imposed. *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000). *Rios* was superseded by statute but on other grounds, as recognized in *United States v. Saintville*, 218 F.3d 246 (3d Cir. 2000).

[5] There is an exception to this general rule against double credit, the so-called *Willis* credit, *Zwick v. Holt*, No. 11-CV-629, 2011 WL 6151459, at *4 (M.D. Pa. Dec. 12, 2011)(Caldwell, J.), but that exception does not apply here.

-5-

considers "an undischarged term of imprisonment" to include state, local and foreign sentences. BOP Program Statement 5880.28, p 1-31.

IV. *Discussion*

We begin by setting forth the BOP's analysis of the sentencing calculation and why the agency did not give Petitioner credit for the time served on the state sentence.

Under 18 U.S.C. § 3584(a), because the sentencing order did not mention the state sentence, the federal sentence was consecutive to the state sentence. Under 18 U.S.C. § 3585(a), a federal sentence commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily, at the facility where he is to serve his sentence. Hence Petitioner's sentence, consecutive to the state one, began running on March 28, 2008, the date that the USMS took him into custody after his state sentence expired. The BOP did not credit him with any custody before then because that time had been credited to his state sentence and 18 U.S.C. § 3585(b) precludes double credit. As section 3585(b) provides, a defendant receives credit for prior custody only for time that "has not been credited against another sentence." *Id.*

We agree with this analysis, but Petitioner argues he is entitled to credit for the time served on the state sentence for the following reasons. First, the federal sentencing court stated at sentencing that he intended the federal sentence to run retroactively concurrent with the previously imposed state sentence. As support, Petitioner relies on the response of the sentencing judge to trial counsel's question

-6-

concerning the effective day of the sentencing. Petitioner asserts the written sentencing order is irrelevant as the oral sentence controls over the written one. *See United States v. Chasmer*, 952 F.2d 50, 52 (3d Cir. 1991).

We disagree with Petitioner that the sentencing judge orally imposed a concurrent sentence at the sentencing hearing. Petitioner relies on the judge's response to trial counsel's question concerning "the effective day of the sentence." The response was simply that the judge was "sentencing him as of today." Significantly, the court then said that any credit would be calculated by the Bureau of Prisons "separately." This was not the imposition of a concurrent sentence, there is no conflict between the oral sentence and the written one, and the BOP could rely on the written sentencing order in calculating Petitioner's sentence.

Petitioner next argues that when the federal sentencing court's sentencing order is silent on whether the federal sentence is to run concurrently or consecutively with another sentence, the rule of lenity, *United States v. Flemming*, 617 F.3d 252, 269 (3d Cir. 2010)(describing the rule of lenity), requires that the sentences run concurrently. We disagree, as section 3584(a) provides plain guidance on when a federal sentence is to be considered a consecutive or concurrent sentence: "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *Id.*

Finally, Petitioner argues that once his federal sentence began to run, he was entitled to have it run continuously and not have it interrupted by the service of his

state sentence. He asserts his sentence began to run on June 25, 1991, the date it was imposed and cites that part of the sentencing order that remands him to the custody of the United States Marshal. We disagree. Petitioner was in federal custody at that time under a prosequendum writ. A federal sentence does not begin to run when a defendant is in federal custody under such a writ because the state remains the primary custodian in those circumstances. *Ruggiano, supra,* 307 F.3d at 126.

In his reply brief, Petitioner makes arguments for the first time that appear to be directed against the BOP's decision not to grant him a nunc pro tunc designation under *Barden*, *supra*, for service of his federal sentence in the state institution where he served his state sentence. Specifically, he complains about the BOP's deciding that he was "ineligible," the word used in the May 11, 2011, letter when it informed him the BOP would not be making the designation. He also requests that the court contact the sentencing judge to find out the judge's attitude to a concurrent sentence, something the BOP does when it is deciding whether to make a designation under *Barden*.

The difficulty is that Petitioner did not challenge in his 2241 petition the BOP's refusal to make a nunc pro tunc designation under *Barden*. However, we will grant Petitioner twenty-one days from the date of this order to file a motion to amend his 2241 petition to make such a claim. The motion must set forth specific reasons why the BOP's decision not to grant a nunc pro tunc designation under *Barden* was incorrect. If

-8-

Petitioner fails to do so, this action will be closed.

    We will issue an appropriate order.


                                                /s/ William W. Caldwell  
                                                William W. Caldwell  
                                                United States District Judge

August 15, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. MCGHEE,
    Petitioner

v.

FRANK STRADA, WARDEN,
    Respondent

CIVIL NO. 1:12-CV-0792

(Judge Caldwell)

*O R D E R*

AND NOW, this 15th day of August, 2013, it is ordered that:

1. The petition (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. Within twenty-one days of the date of this order, Petitioner may file a motion to amend his 2241 petition to make a claim that the BOP's decision not to grant a nunc pro tunc designation under *Barden* was incorrect. The motion must set forth specific reasons in support of the claim.

3. If Petitioner fails to do so, this action will be closed.

                   /s/ William W. Caldwell
                  William W. Caldwell
                  United States District Judge