IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. MCGHEE,
    Petitioner

v.

FRANK STRADA, WARDEN,
    Respondent

CIVIL NO. 1:12-CV-0792

(Judge Caldwell)

*M E M O R A N D U M*

I. *Introduction and Procedural History*

    The pro se petitioner, James E. McGhee, an inmate at the low security correctional facility in Allenwood, Pennsylvania, has filed an amended 28 U.S.C. § 2241 petition. Under *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), the petition requests that we order the Federal Bureau of Prisons (the BOP) to designate nunc pro tunc the state institution where Petitioner had served his Maryland State sentence as the place where Petitioner would serve his federal sentence. The effect of such a designation would make the federal sentence retroactively concurrent to the state sentence.

    Petitioner's original petition essentially sought credit on his federal sentence for the time that he spent serving the state sentence. In support, he made the following arguments: (1) the federal sentencing court stated at sentencing that he intended the federal sentence to run retroactively concurrent with the previously imposed state sentence; (2) when the federal sentencing court's sentencing order is silent on whether the federal sentence is to run concurrently or consecutively with another sentence, the

rule of lenity requires that the sentences run concurrently; and (3) once Petitioner's federal sentence began to run, he was entitled to have it run continuously and not have it interrupted by the service of his state sentence.

In a memorandum dated August 15, 2013, we rejected these arguments. *McGhee v. Strada*, 2013 WL 4417722 (M.D. Pa.). However, in his reply brief, Petitioner argued for the first time that the BOP had improperly refused to grant him a nunc pro tunc designation under *Barden*. Raised of the first time in a reply brief, the claim was not properly before us, but we granted him the opportunity to file an amended petition, which we now consider.

II. *Background*

We take this background mostly from our memorandum of August 15, as based on Respondent's submissions in connection with Petitioner's original petition. On June 29, 1990, Petitioner was arrested by the Maryland State Police. (Penalty-of-perjury declaration of John A. Farrar, BOP sentencing computation specialist (Doc. 9-1, ECF p. 1). He was in the custody of the state of Maryland on Maryland charges. (*Id.*) On October 24, 1990, McGhee was sentenced in the Baltimore County Circuit Court to a thirty-year term for burglary, breaking and entering of a dwelling, theft, malicious destruction of property, and possession of a handgun. (*Id.*).

On November 29, 1990, the United States Marshals Service (USMS) took custody of McGhee by way of a writ of habeas corpus ad prosequendum. (*Id.* ¶ 3, citing

the USMS Tracking System (Attach. B, Sec. III to Ex. 1), Doc. 9-1, ECF p. 10).[1]  On June 25, 1991, the United States District Court for the District of Delaware sentenced Petitioner to two 240-month terms on two counts of bank robbery, to be served concurrently.  The order made no mention of the previously imposed state sentence. (Doc. 9-1, ECF pp. 13-14, written sentencing order).  The sentencing order remanded Petitioner to the custody of the United States Marshal.  (Doc. 9-1, ECF p. 14).[2]

At the sentencing hearing, as part of his allocution, Petitioner had requested that the court run the sentence "with the 30 year, 35-year sentence [he was] already serving."  (Doc. 18, ECF p. 9).  The court told Petitioner that his "criminal record is amazingly outrageous" and that Petitioner had "wasted [his] life."  (*Id.*, ECF p. 10).  The court then orally sentenced Petitioner to 240 months' imprisonment on each offense, to be served concurrently to each other.  (*Id.*, ECF p. 11).  The following exchange also took place between Petitioner's counsel and the court at sentencing:

> [trial counsel]: Your Honor, what is the effective day of the sentence, according to your Honor's Order?
>
> The Court: Well, I am sentencing him as of today.  If there is any credit time, the Bureau of Prisons will calculate that separately.  And that is the function that is left to them.

(*Id.*, ECF p. 10).

---

[1] The ad prosequendum writ is Doc. 5 on the underlying criminal docket.  (*United States v. McGhee*, No. 90-CR-75 (D. Del), Doc. 27, ECF p. 4).

[2] Doc. 9-1 has only the first two pages of the order.  The entire four-page order can be found at Doc. 27, ECF pp. 9-12, *United States v. McGhee*, No. 90–CR-75 (D. Del.).

On July 1, 1991, McGhee was returned to the state of Maryland. (Doc. 9-1, ECF p. 10). Some seventeen years later, on March 28, 2008, the Maryland State sentence expired, and he was taken into federal custody. (Doc. 9-1, ECF p. 18).

The BOP prepared a sentence calculation commencing the running of Petitioner's federal sentence on March 28, 2008, the date he was taken into federal custody. His projected release date is August 29, 2025, assuming that he earns all of his good-conduct time.

Petitioner pursued an administrative challenge to his sentence calculation. A correctional program specialist at the BOP's Designation and Sentence Computation Center, responded that 18 U.S.C. § 3585(b) prohibited the BOP from giving Petitioner credit toward his federal sentence for the time spent in state custody. (Doc. 9-1, ECF p. 39, May 4, 2011, letter). The specialist also addressed the possibility of such credit under *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), by way of a nunc pro tunc designation of the state institution as the place where Petitioner was to serve his federal sentence.

The BOP declined to make that designation. In part, it noted that under 18 U.S.C. § 3584(a) "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively," and "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Because Petitioner's federal sentence "was silent to the undischarged term of imprisonment" on

-4-

the state offenses, it did "not meet the criteria for a concurrent nunc pro tunc designation." (*Id.*, ECF p. 40). Petitioner was thus determined to be "ineligible" for the designation. (*Id.*).

III. *Discussion*

As *Barden* recognized, the BOP's authority under 18 U.S.C. § 3621(b) to designate a state institution as the place of the prisoner's incarceration on his federal sentence includes the authority to make the designation nunc pro tunc. 921 F.2d at 481-82. Such authority means that the BOP can make the prisoner's federal sentence retroactively concurrent with the state sentence, given that the defendant begins serving his federal sentence when he is received in custody for transport to "the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). However, a federal sentence cannot commence any earlier than the date it was imposed. *Mills v. Quintana*, 408 F. App'x 533, 536 (3d Cir. 2010)(nonprecedential).

*Barden* requires that the BOP consider the factors listed in section 3621(b). *Barden*, 921 F.2d at 482; *see also Harris v. Zickefoose*, 511 F. App'x 135, 137-38 (3d Cir. 2013)(nonprecedential).[3] These factors are not the only ones the BOP may consider.

---

[3] Those factors are:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the [federal] sentence--

-5-

921 F.2d at 482.  Additionally, it must also consider the intent of the state judge; in *Barden*, that intent was to impose a sentence to run concurrently with the federal sentence.  921 F.2d at 483.

The BOP's Program Statement 5160.05, available at www.bop.gov, sets forth the BOP's procedure for dealing with an inmate's request under *Barden* for a nunc pro tunc designation.  Generally, such a designation "is done when it is consistent with the federal sentencing court's intent."  (Program Statement 5160.05 ¶ 9.b).  The inmate's request will apparently only be considered if such a designation is "appropriate."  The Program Statement give as an example of an appropriate circumstance when "the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term."  (*Id.* ¶ 9.b(4)(c)).  The BOP will then write a letter to the sentencing court asking whether it has any objections to a nunc pro tunc designation.  (*Id.*).  "No letter need be written if it is determined that a concurrent designation is not appropriate."  (*Id.* ¶ 9.b(4)(e)).  The BOP "will not allow a concurrent designation if the sentencing court has already made a determination regarding the order of service of sentence (e.g., the federal sentencing court ordered the sentence to run consecutively to any other sentence . . . ."  (*Id.* ¶ 9.b(4)(f)).

---

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

The BOP has discretion to designate the prisoner's place of confinement, *Barden*, 921 F.2d at 483, and a federal district court has jurisdiction under 28 U.S.C. § 2241 to review the exercise of that discretion. *Id.* at 478. The standard of review is for abuse of discretion. *Ramos-Rodriguez v. Warden, FCI Fort Dix*, 446 F. App'x 417, 418 (3d Cir. 2011)(nonprecedential).

Petitioner argues that he is entitled to a nunc pro tunc designation for the following reasons: (1) he is seventy years old and has been incarcerated for the past twenty-three years; (2) his mother is in bad health and has been hanging on awaiting his release; (3) his days of committing crimes are over; (4) his discipline history in federal custody has been very good to excellent; (5) his institutional adjustment has been very good to excellent. (Doc. 13, ECF pp. 2-3).[4]

In opposition, Respondent asserts Petitioner is not entitled to a nunc pro tunc designation because under 18 U.S.C. § 3584(a) the failure of the federal court to order its sentence to run concurrently with the state sentence means that the federal sentence runs consecutively to the state sentence. (Doc. 15, ECF p. 8).

The BOP did not consider the 18 U.S.C. § 3621(b) factors as required by *Barden*, but we cannot say that its refusal to grant a nunc pro tunc designation was an abuse of discretion under *Barden*. In *Barden*, the federal inmate had first been sentenced by the federal court and then by the state court, with the state court ordering

---

[4] In his reply brief on the original 2241 petition, Petitioner also complained that the BOP had not contacted the sentencing judge to find out his position on a nunc pro tunc designation.

that its sentence be served concurrently with the federal one. 921 F.2d at 478. In these circumstances, the Third Circuit said that the BOP was obligated to exercise its discretion to decide whether a federal inmate was entitled to a nunc pro tunc designation. *Id.* ("we hold only that the federal authorities have an obligation, on the peculiar facts before us, to look at Barden's case and exercise the discretion the applicable statute grants the Bureau to decide whether the state prison in which he served his sentence should be designated as a place of federal confinement *nunc pro tunc*")(footnote omitted). Here, in contrast, the state sentence was imposed first, and then the federal sentence. Additionally, Petitioner does not allege the state court ordered its sentence to run concurrently to any other sentence imposed. Nor does he allege the federal court was unaware of the state sentence.[5] In these circumstances, we conclude that the BOP's exercise of discretion was in conformity with *Barden*.

We also conclude that the BOP did not abuse its discretion based on its authority to make a nunc pro tunc designation as expressed in Program Statement 5160.05. Under the Program Statement, such a designation "is done when it is consistent with the federal sentencing court's intent." (Program Statement 5160.05 ¶ 9.b). And the designation will not be made "if the sentencing court has already made a determination regarding the order of service of sentence (e.g., the federal sentencing

---

[5] In fact, the sentencing transcript indicates the opposite, although we do not rely on that record for our ruling.

court ordered the sentence to run consecutively to any other sentence . . . ." (*Id.* ¶ 9.b(4)(f)).

As noted by the BOP in denying Petitioner's request for a designation, under section 3584(a), a federal sentence may be ordered to run concurrently or consecutively to a state sentence that the defendant is already serving, but "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."[6] Here, the federal sentencing court, against the backdrop of section 3584(a), did not order that the federal sentence run concurrently with the state sentence, thereby making the sentence consecutive to the state sentence by operation of law. Additionally, the state sentence had already been imposed, and as noted above, Petitioner does not allege that the state court intended its sentence to run concurrently with the federal sentence. In these circumstances, the BOP did not abuse its discretion in refusing a nunc pro tunc designation even if it did not seek out the sentencing judge's view or consider other factors that might have been relevant. *See Myers v. Outlaw*, No. 10-CV-0080, 2011 WL 873343, at *7-8 (E.D. Ark. Feb. 3, 2011)(in light of section 3584(a), the BOP did not abuse its discretion in refusing a nunc pro tunc designation on the grounds that the state sentence had been imposed before the federal sentence and the federal sentencing contained no recommendation

---

[6] In relevant part, section 3584(a) provides that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively," and "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." The BOP considers "an undischarged term of imprisonment" to include state, local and foreign sentences. BOP Program Statement 5880.28, p 1-31.

concerning service of the federal sentence either concurrently or consecutively to the state sentence)(magistrate judge's report), adopted in *Myers v. Outlaw*, 2011 WL 873314 (E.D. Ark. Feb. 23, 2011).

Petitioner also claims that under U.S.S.G. § 5G1.3(b), he is entitled to credit on his sentence for an unspecified conviction that was under direct appeal at the time the conviction was factored into his criminal history, which made him a career offender for sentencing purposes. This is a challenge to his sentence which must be made under 28 U.S.C. § 2255, *see Taylor v. Holt*, 309 F. App'x 591, 594 (3d Cir. 2009)(nonprecedential); *Howard v. Longley*, ___ F. App'x ___, ___, 2013 WL 4517257, at *2 (3d Cir. 2013)(nonprecedential), and we lack jurisdiction to consider it, as a 2255 motion must be filed in the sentencing court. *See* 28 U.S.C. § 2255(a)(providing that a defendant "may move the court which imposed the sentence"). We could consider the claim under section 2241 if Petitioner shows that section 2255 is inadequate or ineffective, *Taylor*, 309 F. App'x at 594, but he has not made that showing. *Howard*, 2013 WL 4517257, at *2.

In his reply brief on the amended petition, Petitioner argues that the sentencing court intended his federal sentence to begin running on the day of sentencing, June 25, 1991. He bases this on the short discussion trial counsel had with the court at the end of the sentencing hearing:

> [trial counsel]: Your Honor, what is the effective day of the sentence, according to your Honor's Order?

-10-

> The Court: Well, I am sentencing him as of today. If there is
> any credit time, the Bureau of Prisons will calculate that
> separately. And that is the function that is left to them.

(Doc. 18, ECF p. 10).

We reject this argument. We adhere to our conclusion in our previous memorandum that the sentencing judge's remarks were made merely to point out the obvious, that Petitioner was being sentenced that day, *McGhee v. Strada*, 2013 WL 4417722, at *3 (M.D. Pa.), and that the BOP would be performing its assigned role of calculating the duration of Petitioner's confinement based on the sentence.

We will issue an appropriate order. Since we deal here with a 2241 petition, we need not decide whether Petitioner is entitled to a certificate of appealability as he may take an appeal to the Third Circuit without our having to grant him a certificate. *See Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009).

        /s/ William W. Caldwell
        William W. Caldwell
        United States District Judge

October 31, 2013